UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                              )<br>)<br>PHILLIP LEO CAMPANIRIO,       )<br>    Defendant.              ) | Criminal No. 18-10358-GAO |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States submits this Sentencing Memorandum in the above-captioned case, currently scheduled for sentencing on April 8, 2019. For the reasons outlined in this memorandum, the Government believes that a sentence of 71 months' imprisonment, the high-end of the guideline range, is the appropriate sentence in this matter. Following the completion of this sentence, the Government requests that the defendant be on supervised release for a period of 36 months, be ordered to pay restitution in the amount of $4,680 to the Citizen Bank, and be required to pay a mandatory special assessment of $100.

**I.   PROCEDURAL HISTORY**

On October 1, 2018, Phillip L. Campanirio ("Campanirio") was charged in a one-count Information with bank robbery, in violation of 18 U.S.C. § 2113. On January 8, 2019, Campanirio, pled guilty to a superseding Information.

**II.  FACTS**

The facts, as stated in the Pre-Sentence Report ("PSR"), are uncontested.

On April 28, 2018, at approximately 3:20 p.m., an individual, later determined to be Campanirio entered a Stop & Shop Supermarket located at 60 Everett Street, Allston, MA. A branch of the Citizens Bank is contained within this supermarket. Campanirio approached the teller's desk and demanded cash.  The teller recalled that Campanirio stated words to the effect, "$20, $50, and $100 dollar bills, "I don't want any fucking dye packs." The teller then handed Campanirio currency from her drawer.  The teller recalled that Campanirio then stated, "I want more." The teller gave Campanirio additional cash from her drawer and he exited the supermarket. The teller noted that Campanirio walked with a limp.

The teller described Campanirio as a white male, approximately 50 years old. The teller stated that he was wearing a red and blue baseball hat, white reflective sunglasses, a white hooded sweatshirt, brown pants, and white sneakers.

Interior bank surveillance cameras were operating and functioning on the date of the robbery. The cameras captured images of Campanirio as he entered the bank, interacted with the teller, and then exited the bank. The video surveillance footage shows images of Campanirio that are consistent with the description provided by the bank's teller.

The bank's exterior cameras additionally captured images of Campanirio as he approached the bank, and as he exited the bank.

Information and pictures of the robber were disseminated on various public media sites including MassMost Wanted. A number of individuals, including a United States Probation Officer, observed the surveillance photographs and opined that the individual in the photographs was Campanirio. This probation officer is familiar with Campanirio as he is currently supervising him on supervised release.

A post-robbery audit determined that the robber had taken $4,680.00 in United States currency.

A co-defendant, Wayne O'Keefe, has also been charged with this robbery. O'Keefe's case is scheduled for sentencing on a later date.

**III. _GUIDELINE ANALYSIS_**

    **A. Offense Level Computation**

    **¶ 24 Adjusted Offense Level:**

The Government agrees with Probation's conclusions that, the Adjusted Offense Level is 22.

    **¶¶ 28 Total Offense level:**

The Government agrees with Probation's conclusions that, the Total Offense Level is 19.

    **PART B. The Defendant's Criminal History**

    **¶ 48 Criminal History Computation:**

The Government agrees with Probation's conclusions that, the defendant's criminal history score is nine, which establishes a criminal history category of IV.

¶ **49-50**

The Government agrees with Probation's conclusions that, since the defendant is currently on supervised release, his criminal history score is adjusted 2-levels, establishing a criminal history score of 11, and a corresponding criminal history category of V.

**PART D. Sentencing Options**

¶ **119 Guideline Provisions:**

The Government further agrees with Probation that, based on a total offense level of 19 and a criminal history category of V, Campanirio's guideline imprisonment range is 57 to 71 months' imprisonment.

IV. *SENTENCING RECOMMENDATION*

18 U.S.C. § 3553(a) requires a sentencing court to consider specific enumerated factors when determining an appropriate sentence. These factors include: 1) the nature and circumstances of the offense and the history and characteristics of the defendant and 2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public

4

from further crimes of the defendant, and to provide for the needs of the defendant.

For the reasons detailed below, the Government believes that a sentence of 71 months' imprisonment is fair and just and takes into account the factors enumerated in 18 U.S.C. § 3553(a).

Campanirio, who is currently on supervised release for bank robbery, is a dangerous life-long criminal.  As an adult, Campanirio has been convicted of crimes on at least 16 different dates starting in 1998.  These offenses include:

- 1988        Breaking and entering
- 1989        OUI
- 1990        Receiving stolen property
- 1991        Larceny over $250
- 1991        Larceny over $250
- 1991        Larceny over $250
- 1991        Uttering a forged instrument
- 1993        Leaving the scene after property damage
- 1994        Assault and battery on a police officer
- 1994        Unarmed robbery
- 1994        Unarmed robbery
- 1995        Assault and battery with a dangerous weapon
- 1997        Assault and battery
- 1998        Receiving a stolen credit card
- 2003        Armed robbery
- 2003        Armed robbery
- 2006        Bank robbery (federal-currently on supervised release)

Campanirio, while on probation and on supervised release, has been found in violation of his probation and supervised release on numerous occasions. Campanirio has been sentenced to

prison on 11 occasions with sentences to range between 3 months to over 144 months' imprisonment.  His most recent conviction ¶ 47, involved three Boston area banks.  It is clear from his criminal record that Campanirio is unwilling or unable to refrain from criminal activity and conform his behavior to acceptable societal norms.

Campanirio has had numerous opportunities, while in and out of custody, to take advantage of programs, which would aid him in dealing with various issues.  It appears that during his recent incarceration he did take advantage of these opportunities.  However, within months of his release, and while in treatment, he violated the terms of his release and returned to using illegal drugs.

It is truly unfortunate, that it appears the only time Campanirio is not involved in drug abuse and criminal behavior, is when he is incarcerated. The Government's recommendation, while severe, appears to be the only solution to curbing this behavior.

**V.   CONCLUSION**

Campanirio continues to disregard the law and refuses to conform his behavior to acceptable societal norms.  This cannot continue. Campanirio's sentence is dictated by his own actions and decisions, and is necessary to protect the public, and to deter similar conduct from others.

Based on Campanirio's behavior, the Government is well within its rights to request a maximum sentence of 20 years' imprisonment. However, for the reasons stated herein, the Government requests this Court impose a sentence of 71 months' imprisonment, the high-end of the guideline range.  The Government requests this Court to suggest to Campanirio to take advantage of BOP's 500 hour Residential Drug Abuse Program.

Following the completion of this sentence, the Government requests that Campanirio be placed on supervised release for a period of 36 months, be ordered to pay restitution in the amount of $4,680 to Citizen Bank, and a mandatory special assessment of $100.

This is a just and appropriate sentence as dictated by the circumstances of this case and Campanirio's life-long criminal history.

>                          Respectfully submitted,
>
>                          ANDREW E. LELLING
>                          United States Attorney
>
>                     By:  **/s/ Kenneth G. Shine**
>                          KENNETH G. SHINE
>                          Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

    I, the undersigned, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                                   */s/ Kenneth G. Shine*
                                                   KENNETH G. SHINE
                                                   Assistant U.S. Attorney